Equal Employment Opportunity Commission
Newark Area Office
One Newark Center, 21st Floor
Newark, N.J. 07102
By: Jeffrey Burstein, Trial Attorney
Tel: 973-645-2267
Fax: 973-645-4524
jeffrey.burstein@eeoc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------x
**EQUAL EMPLOYMENT OPPORTUNITY**      :
**COMMISSION,**                        :
                                       :       **Civil Action No.**
      **Plaintiff,**       :
                                       :
      v.                    :       **COMPLAINT**
                                       :       **AND JURY TRIAL DEMAND**
**UNITED GALAXY, INC., d/b/a TRI-COUNTY** :
**LEXUS**                              :
                                       :
      **Defendant.**        :
-----------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion (Sikh) and to provide appropriate relief to Gurpreet S. Kherha ("Kherha"), who was adversely affected by such practices. As alleged with greater particularity below, United Galaxy, Inc., d/b/a Tri-County Lexus ("Defendant"), located at 700 Route 46 West, Little Falls, N.J. 07424, strictly enforced its dress code without granting reasonable religious accommodations, and refused to hire Kherha, a member of the Sikh faith whose religious beliefs require him to wear a beard, uncut hair and a turban, for an available position as a Sales Associate for which he was qualified because he refused to comply, because of his religious beliefs, with Defendant's demand to shave his beard.

## JURISDICTION AND VENUE

1.Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3.Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5 (f)(1) and (3).  The Commission's Newark Area Office is located at One Newark Center, Newark, New Jersey 07102.

4.At all relevant times, Defendant has been a New Jersey corporation doing business in the State of New Jersey and in the City of Little Falls, and has continuously had at least 15 employees.

5.At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6.More than thirty days prior to the institution of this lawsuit, Kherha filed a charge with the Commission alleging violations of Title VII based on conduct by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Kherha is a New Jersey resident who is a member of the Sikh faith. As a Sikh, Kherha has held and continues to hold a sincerely held religious belief that he must wear a beard, maintain uncut hair, and cover his head with a turban.

8. Since at least 2008 Defendant has engaged in unlawful employment practices in violation of Sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§2000e and 2000e-2. These practices include but are not limited to the following:

    a. Kherha, who had substantial sales and other business experience, applied in February 2008 for an advertised Sales Associate position with Defendant;

    b. During this time, Defendant contracted with and utilized a recruiting company, T.K. Worldwide, to recruit employees. Later in February 2008, a Recruiter from T.K. Worldwide ("Recruiter") invited Kherha for an interview with him for the Sales position with Defendant;

    c. As a result of a successful initial interview, Defendant's Recruiter had Kherha participate in a multi-day training at Defendant's facility for the sales position. Kherha successfully completed the training, including having been publicly praised for his performance on training tasks given to the applicants;

    d. Throughout this application process, Kherha wore a beard and turban pursuant to his Sikh religious beliefs. In the initial interview with Defendant's Recruiter, Kherha informed Defendant's Recruiter that he was of the Sikh faith;

    e. Defendant maintained at the time of Kherha's application, and continues to maintain, a grooming policy for its Sales and Administrative personnel that prohibits men from wearing beards and having hair longer than collar length. Defendant's policy does not provide for any reasonable accommodation;

    f. At the conclusion of Kherha's training session, at the direction of Defendant, Defendant's Recruiter asked Kherha if he would shave his beard in compliance with Defendant's grooming policy in order to obtain the Sales Associate job.  Kherha told Defendant's Recruiter that he could not do so because this would violate his religious beliefs.  After this conversation, Defendant's Recruiter met with Defendant's Sales Manager.  Defendant's Recruiter then returned to tell Kherha that he would not obtain the job because of the grooming policy despite Kherha being qualified for this position.  At least four other individuals who participated in the training session with Kherha, none of whom wore beards for religious reasons, were hired at the same time by Defendant;

    g. Defendant did not engage in any interactive process with Kherha to attempt to accommodate his religious practices;

    h. Defendant did not reasonably accommodate Kherha's religious practice and beliefs.

  9. The effect of the actions complained of in paragraph 8 above has been to deprive Kherha of equal employment opportunities and otherwise adversely affect Kherha because of his religion, and has caused him injury and damages.

  10. The unlawful employment practices complained of above were intentional.

  11. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Kherha.

## **PRAYER FOR RELIEF**

  Therefore, the Commission respectfully requests that this Court:

      A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion.

      B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and reasonable accommodations for the religious observations, practices and beliefs of job applicants and employees and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant to make Kherha whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      D.      Order Defendant to make whole Kherha by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      E.      Order Defendant to pay Kherha punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

      F.      Grant such further relief as the Court deems necessary and proper in the public interest.

      G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 28, 2010
       Newark, New Jersey

                Respectfully submitted,

                P. David Lopez
                General Counsel

                James L. Lee
                Deputy General Counsel

                Gwendolyn Y. Reams
                Associate General Counsel
                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                131 M Street NE
                Washington, D.C.  20507

                <u>s/ Elizabeth Grossman</u>
                Elizabeth Grossman
                Regional Attorney
                elizabeth.grossman@eeoc.gov

                <u>s/ Judy Keenan</u>
                Judy Keenan
                Supervisory Trial Attorney
                judy.keenan@eeoc.gov

                <u>s/ Jeffrey Burstein</u>
                Jeffrey Burstein
                Trial Attorney
                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                Newark Area Office
                One Newark Plaza
                Newark, N.J. 07102
                Telephone No.: 973-645-2267
                Facsimile No.:  973-645-4524
                Email: jeffrey.burstein@eeoc.gov