**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------x
**EQUAL EMPLOYMENT OPPORTUNITY** :
**COMMISSION,** :
: **Civil Action No. 2:10-cv-04987 (JLL) (CCC)**
        **Plaintiff,** :
:
        **v.** :
:
**UNITED GALAXY, INC., d/b/a TRI-COUNTY** :
**LEXUS** :
:
        **Defendant.** :
-------------------------------------------------------------x


**PLAINTIFF EEOC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE THREE OF DEFENDANT'S AFFIRMATIVE DEFENSES UNDER FED. R.CIV. P.12(f)  (Return Date: February 7, 2011)**










**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
Newark Area Office
One Newark Center, 21st Floor
Newark, N.J. 07102
By: Jeffrey Burstein, Trial Attorney
Tel: 973-645-2267
Fax: 973-645-4524
jeffrey.burstein@eeoc.gov

## **TABLE OF CONTENTS**

**INTRODUCTION**……………………………………………………………………………… 1

**ARGUMENT**

**DEFENDANT'S THREE AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW AND MUST BE STRICKEN**.................................................................. 2

    A. EEOC's Claim for Compensatory Damages Falls Squarely Under Title VII and Is Not Barred by the New Jersey Workers' Compensation Act…………………………………… 2

    B. Defendant's Sixth Affirmative Defense Should Be Stricken Because Title VII Clearly Authorizes Punitive Damages in Actions Like this Matter……………………………. 4

    C. EEOC's Complaint is Not Barred by any Statute of Limitations……………………… 5

**CONCLUSION**……………………………………………………………………………….. 6

## **TABLE OF AUTHORITIES**

Dole v. Local 42, Int. Union of Electrical, Radio & Machine Workers, 894 F.2d 607 (3rd Cir. 1990)………………………………………………………………………………………. 6

FDIC v. White, 828 F.Supp. 304 (D.N.J. 1993)………………………………………………….. 2

Karcher v. Emerson Electric Co., 94 F.3d 502 (8th Cir. 1996)…………………………………... 3

Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999)………………………………………… 5

Landgraf v. USI Film Products, 511 U.S. 244 (1994)…………………………………………… 3

Le v. Univ. of Penn., 321 F.3d 403 (3rd Cir. 2003)……………………………………………… 5

Mars, Inc. v. JCM American Corp., 2006 WL 1704469 (D.N.J. 2006)………………………... 2

Occidental Life Ins. Co. of Cal. v. EEOC, 432 U.S. 355 (1977)………………………………… 5

Roberts v. Roadway Exp. Inc., 94 F.3d 1098 (10th Cir. 1994)…………………………………… 3

Rose v. Baystate Med. Ctr., 985 F.Supp. 211 (D. Mass. 1997)………………………………….. 3

**Statutes**

N.J.S.A. 34:15-1…………………………………………………………………………….. 3,4

N.J.S.A. 34:15-8…………………………………………………………………………….. 4

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-1, et seq……………………………passim

**Rules**

Federal Rule of Civil Procedure 12(f)………………………………………………………… passim

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission brought this action in the public interest under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-1, et seq., against Defendant United Galaxy, Inc., d/b/a Tri-County Lexus ("United Galaxy") for its discriminatory refusal to hire Gurpreet Khera for a sales position because of Mr. Khera's religious practices. As set forth more fully in EEOC's Complaint, Mr. Khera was fully qualified for the position at issue and had successfully completed a pre-employment sales training course with United Galaxy. However, United Galaxy denied him a position because he refused to shave his beard based on the tenets of his religion, Sikhism. United Galaxy's grooming policy prohibits beards and it refused to grant Mr. Khera's request for a religious accommodation regarding the policy as required by Title VII, as such an accommodation would not have been an undue hardship for the company.

EEOC now moves under Federal Rule of Civil Procedure 12(f) to strike three of United Galaxy's Affirmative Defenses (See Answer - ECF Docket Entry #5) because they have no basis as a matter of law.[1] First, United Galaxy's Fifth Affirmative Defense, which states that EEOC's claim for compensatory relief is "barred by the exclusive remedy provisions of New Jersey's workers' compensation statute," is unfounded as this case concerns religious discrimination falling squarely under Title VII's jurisdiction. Title VII may not be pre-empted by a state worker's compensation law (that by its terms is inapplicable to this setting). Second, United Galaxy's Sixth Affirmative Defense, which states that the punitive damages sought in the Complaint "are not recoverable," directly contradicts Title VII which permits punitive damages for intentional discrimination of the kind alleged

---

[1] The remaining Affirmative Defenses are also without merit, and EEOC reserves the right to move for partial summary judgment after factual discovery, or to otherwise present evidence in opposition to those Affirmative Defenses at trial.

here when an employer acts with malice or reckless indifference to an employee's rights under federal law. Third, United Galaxy's Seventh Affirmative Defense, which states that the Complaint is barred by the statute of limitations, has no basis in law as EEOC is not subject to any statute of limitations when it files suit. Moreover, EEOC filed suit within two weeks of the completion of EEOC's administrative process in this matter.

## ARGUMENT

**DEFENDANT'S THREE AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW AND MUST BE STRICKEN**

Federal Rule of Civil Procedure 12(f) provides that a party may make a motion to strike any defense within 21 days after service of a pleading to which no responsive pleading is permitted. Further, "…the court may order stricken from any pleading, any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id. "A motion to strike under Rule 12(f) eliminates insufficient defenses and saves the time and expense of litigating issues that ultimately would not affect the outcome of the case." Mars, Inc. v/ JCM American Corp., 2006 WL 1704469 at *3 (D.N.J. 2006). See also FDIC v. White, 828 F.Supp. 304, 307 (D.N.J. 1993) (a motion to strike saves "time and litigation expense by eliminating the need for discovery with regard to legally insufficient defenses"). As shown below, the three Affirmative Defenses at issue must be stricken because: 1) there are no questions of law or fact that would enable these defenses to succeed, 2) the defenses have no bearing on the subject matter of this litigation, and 3) EEOC would be prejudiced by diverting its limited resources to address discovery and other matters related to these irrelevant defenses.

    **A.**    **EEOC's Claim for Compensatory Damages Falls Squarely Under Title VII and Is Not Barred by the New Jersey Workers' Compensation Act**

United Galaxy's Fifth Affirmative Defense is that "Plaintiff's claims for emotional distress are

2

barred by the exclusive remedy provisions of New Jersey's workers' compensation statute." This defense is plainly flawed, as it ignores the express language in Title VII authorizing such relief and the plain language of the irrelevant New Jersey statute that it improperly invokes.

First, the Civil Rights Act of 1991, at 42 U.S.C. §1981a(a)(1), explicitly authorizes the recovery of "compensatory damages," which encompasses emotional distress damages against a Defendant who engages in intentional discrimination. Landgraf v. USI Film Products, 511 U.S. 244, 253 (1994). Even if the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 et seq., by its terms applied to employment discrimination cases like this matter--though, as shown below, it does not--this state law would be preempted under the Supremacy Clause to the Constitution, U.S. Const., Art. VI, cl. 2, due to the express authorization for compensatory relief in Title VII. For example, in Karcher v. Emerson Electric Co., 94 F.3d 502, 509 (8th Cir. 1996), defendant challenged an award for emotional distress to a Title VII plaintiff based on an exclusivity provision of the Missouri's workers' compensation statute, which is nearly identical to the exclusivity provision in the New Jersey Act, N.J.S.A. 34:15-8. The Eight Circuit rejected this defense, stating that "[c]learly, this exclusivity provision cannot preempt [plaintiff's] federally created right to recover damages for emotional distress under Title VII." See also Roberts v. Roadway Exp. Inc., 94 F.3d 1098, 1105 (10th Cir. 1998) (Supremacy Clause defeated defendant's challenge to emotional distress damages awarded to Title VII plaintiff based on exclusivity provision of Colorado workers' compensation statute); Rose v. Baystate Med. Ctr., 985 F.Supp. 211, 215, fn.1 (D. Mass. 1997) (exclusivity provision of the Massachusetts Workers' Compensation Act cannot preclude Title VII remedies for sex harassment).

Second, apart from the constitutionally-based principle that a state statute cannot preempt federal statutory remedies, the New Jersey Workers' Compensation Act by its own terms plainly does not apply to this action. The statute pertains to a "physical injury…caused to an employee by accident

arising out of and in the course of his employment, of which the actual or lawfully imputed negligence of the employer is the natural and proximate cause…" N.J.S.A. 34:15-1. Needless to say, this Title VII lawsuit is not a negligence action concerning physical injuries. Nor do the provisions of this statute cover Plaintiff EEOC, as it only pertains to the injured employee and his/her employer. Finally, the express language of the exclusivity provision of the New Jersey Workers' Compensation Act seemingly relied upon by United Galaxy, N.J.S.A. 34:15-8, by its terms does <u>not</u> apply to an "intentional wrong;" what is alleged in this matter is intentional discrimination by United Galaxy (see Complaint, ECF Docket Entry #1, para. 10).

For these reasons, the Fifth Affirmative Defense has no basis in law and should be stricken.

**B.     Defendant's Sixth Affirmative Defense Should Be Stricken Because Title VII Clearly Authorizes Punitive Damages in Actions Like this Matter**

United Galaxy's Sixth Affirmative Defense states that EEOC's claim for punitive damages "are not recoverable" under the "cause of action alleged in Plaintiff's complaint." As with the Fifth Affirmative Defense, Defendant ignores the plain language of the Civil Rights Act of 1991, which provides as follows:

> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-5) against a respondent who engaged in unlawful intentional discrimination…prohibited under section 703, 704, or 717 of the Act (42 U.S.C. 2000e-2 or 2000e-3)…the complaining party may recover compensatory and <u>punitive damages</u> as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.
>
> [42 U.S.C. §1981a(a)(1) (emphasis added)]

The Civil Rights Act of 1991 goes on to provide that:

> A complaining party <u>may recover punitive damages</u> under this section against a respondent…if the complaining party demonstrates that the respondent engaged in discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.
>
> [42 U.S.C. §1981a(b)(1) (emphasis added)]

Thus, in <u>Kolstad v. American Dental Ass'n</u>, 527 U.S. 526, 533 (1999), the Supreme Court summarized what this statute plainly provides, namely that "[w]ith the passage of the 1991 Act, Congress provided for additional remedies, including punitive damages…" for Title VII cases where plaintiff alleges that defendant engaged in a discriminatory practice with malice or reckless indifference to his/her federally protected rights. This is the setting here, as paragraphs 10 and 11 of EEOC's Complaint allege that United Galaxy intentionally discriminated against Mr. Khera based on his religion, and did so with malice or reckless indifference to his federally protected rights.  <u>See also</u> <u>Le v. Univ. of Penn.</u>, 321 F.3d 403, 409-410 (3rd Cir. 2003) (affirming award of punitive damages in Title VII case where defendant engaged in discriminatory practice with reckless indifference to plaintiff's federally protected rights).

For these reasons, Defendant's Sixth Affirmative Defense has no basis in law and should be stricken.

      **C.**      **EEOC's Complaint is Not Barred by any Statute of Limitations**

United Galaxy's Seventh Affirmative Defense asserts that EEOC's Complaint "is barred, in whole or in part, by the applicable statute of limitations." This Affirmative Defense also has no basis in law. In <u>Occidental Life Ins. Co. of Cal. v. EEOC</u>, 432 U.S. 355 (1977), the Supreme Court definitively stated that EEOC is not constrained by any statute of limitations in bringing a lawsuit under Title VII.

The Court in Occidental held that "neither §706(f) nor any other section of [Title VII] requires the EEOC to conclude its conciliation efforts and bring an enforcement suit within any maximum period of time." Id. at 361. See also Dole v. Local 42, Int. Union of Electrical, Radio & Machine Workers, 894 F.2d 607, 613 (3rd Cir. 1990) ("no statute of limitations applies in Governmental suits brought by the EEOC").[2]  Clearly, then, the Seventh Affirmative Defense is flawed as a matter of law and should also be stricken.

### CONCLUSION

For the foregoing reasons, Plaintiff EEOC requests an Order under Fed. R. Civ. P. 12(f) striking Defendant's Fifth, Sixth and Seventh Affirmative Defenses.

Dated: December 27, 2010  
      Newark, New Jersey

Respectfully submitted,

_____s/_____  
Jeffrey Burstein  
Trial Attorney  
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
Newark Area Office  
One Newark Plaza  
Newark, N.J. 07102  
Telephone No.: 973-645-2267  
Facsimile No.:  973-645-4524  
Email: jeffrey.burstein@eeoc.gov

---

[2] Apart from the absence of a statute of limitations for EEOC actions, in this case the conciliation process mandated by Title VII as a precondition to filing suit did not conclude until September 15, 2010; EEOC's Complaint was filed a mere two weeks later.