1

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EEOC | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No.: 2:10-cv-4987 (DMC)(JAD) |
| | : | |
| UNITED GALAXY, Inc. | : | |
| | : | |
| Defendant | : | |
| | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

This matter comes before the Court by way of Plaintiff's motion to strike three of Defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiff's motion is **granted**.

I.      **BACKGROUND**

Plaintiff, the Equal Employment Opportunity Commission ("EEOC") brings this action, in the public interest, pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 against Defendant, United Galaxy, Inc. d/b/a Tri-County Lexus. Plaintiff's Complaint alleges, in pertinent part, that United Galaxy, Inc. "strictly enforced its dress code without granting reasonable religious accommodations, and refused to hire Gurpreet S. Kherha, a member of the Sikh

faith whose religious beliefs require him to wear a beard, uncut hair and a turban, for an available position as a Sales Associate for which he was qualified because he refused to comply, because of his religious beliefs, with Defendant's demand to shave his beard." (Compl. at 1).  In light of the foregoing, the EEOC asks the Court to, among other things: (a) grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the basis of religion, (b) order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities and reasonable accommodation for the religious observations, practices and beliefs of job applicants and employees and which eradicate the effects of its past and present unlawful employment practices, (c) order Defendant to make Kherha whole by providing appropriate back pay and compensation for his non-pecuniary losses, including but not limited to emotional pain and suffering, and (d) order Defendant to pay Kherha punitive damages.

Plaintiff's Complaint was filed on September 28, 2010.  Defendant filed an Answer to Plaintiff's Complaint, including certain affirmative defenses, on December 3, 2010.  This motion to strike followed.

## II.   LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A motion to strike an affirmative defense pursuant to 12(f) is governed by the same standards as a motion to dismiss pursuant to 12(b)(6).  See In re Gabapentin Patent Litig., 648 F.Supp.2d 641, 647-48 (D.N.J. 2009) ("Because a motion [to strike] challenges the legal sufficiency of the pleading, it is governed by the same standards as a motion to dismiss[.] ... An affirmative defense is insufficient as a matter of law if it cannot succeed under any circumstances.").  For a

complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949  (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

"Courts recognize that a motion to strike can save time and litigation expense by eliminating the need for discovery with regard to legally insufficient defenses." F.D.I.C. v. White, 828 F. Supp. 304, 307 (D.N.J. 1993); see also United States v. Geppert Bros., Inc., 638 F. Supp. 996, 998 (E.D. Pa. 1986). Nevertheless, the Third Circuit has cautioned that courts "should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.' " Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986). In light of this standard, "motions to strike are not favored and will typically be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.' " AMEC Civil, LLC, No. 06-64, 2007 WL 433328, at *4 (D.N.J. Feb. 6, 2007) (quotation omitted).

## III.  DISCUSSION

### A. Fifth Affirmative Defense

Defendant's fifth affirmative defense provides that "Plaintiff's claims for emotional distress

are barred by the exclusive remedy provisions of New Jersey's workers' compensation statute." Plaintiff moves to strike this affirmative defense on the basis that the Civil Rights Act explicitly authorizes the recovery of "compensatory damages" which encompasses emotional distress damages against a Defendant who engages in intentional discrimination.  In support of this position, Plaintiff cites to Landgraf v. USI Firm Prods., 511 U.S. 244, 253 (1994) (discussing compensatory damages provision of the Civil Rights Act).  Defendant does not dispute this.  Rather, Defendant argues that, under New Jersey law, employers are entitled to seek coverage under their workers compensation policies for emotional distress injuries allegedly suffered as a result of workplace discrimination. Thus, Defendant maintains that the fifth affirmative defense should not be stricken because it "preserve[s] Defendant's right to seek coverage from its workers compensation carrier."

Defendant's affirmative defense does more than merely preserve Defendant's right to seek coverage from its workers compensation carrier.  The fifth affirmative defense provides that to the extent Plaintiff seeks compensatory damages in the form of emotional distress  – which it does – its exclusive remedy is through the New Jersey workers compensation statute.  Plaintiff has provided the Court with legal authority stating that compensatory damages are available under Title VII. See, e.g., Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1190 (2d Cir. 1987) ("[W]e do not read the workers' compensation law to deny relief under a federal statute . . . Were state law to erect such a bar, it would clearly run afoul of the Supremacy Clause.").  Defendant cites to no legal authority suggesting otherwise, nor has Defendant demonstrated that absent the fifth affirmative defense, Defendant would not otherwise maintain the ability to seek coverage from its workers compensation carrier at some future point in time.  Because the fifth affirmative defense, as currently drafted, has no basis in law, Plaintiff's motion to strike this affirmative defense is granted.

B. <u>Sixth Affirmative Defense</u>

Defendant's sixth affirmative defense provides that "Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiff's complaint."  Plaintiff moves to strike this affirmative defense on the basis that the plain language of the Civil Rights Act of 1991and relevant caselaw state that a complaining party may recover punitive damages if he demonstrates that the respondent engaged in discriminatory practice with malice or with reckless indifference to the aggrieved individual's federally protected rights.  In support of this position, Plaintiff cites to the language of 42 U.S.C. § 1981a(b)(1) as well as <u>Le v. Univ. of Pennsylvania</u>, 321 F.3d 403, 409-10 (3d Cir. 2003) (finding sufficient evidence to support a jury verdict on punitive damages in a Title VII case where "the decision making process used by Dr. Palladino could easily have been viewed by the jury as demonstrating 'reckless indifference' towards Le's federally protected rights.").  Defendant does not dispute that "Title VII provides punitive damages as a possible remedy."[1]  Instead, by way of opposition, Defendant clarifies that the "sixth defense does not question whether punitive damages are a remedy provided for by the Civil Rights [Act] of 1991, but whether Kherha should be awarded punitive damages" in this case.

The Court agrees that the issue of whether Plaintiff will ultimately be entitled to punitive damages remains to be seen.  See generally <u>Pittman v. Continental Airlines, Inc.</u>, 35 F. Supp.2d 434, 445 (E.D. Pa. 1999) ("Punitive damages for the Title VII claims thus remains an issue for the trier of fact.").  However, the sixth affirmative defense, as currently drafted, is not an affirmative defense;

---

[1]  <u>See</u> 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.").

it is merely a denial that Plaintiff has met its burden of demonstrating that it is entitled to punitive damages.[2]  See generally Rivertree Landing LLC v. Murphy, 246 F.R.D. 667, 668 (N.D. Ill. 2007) ("It is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint.").  Defendant may argue and present evidence at trial that Plaintiff is not entitled to punitive damages.  Such arguments and evidence, however, go to whether Plaintiff has carried its burden in establishing that it is entitled to punitive damages and are not properly asserted as an affirmative defense.  See, e.g., In Re Merck & Co., Inc. Vytorin Erisa Litig., 2010 WL 2557564, at *3 (D.N.J. June 23, 2010) ("A mere denial as to the sufficiency of Plaintiffs' claims is not an affirmative defense."); Resolution Trust Corp. v. Moskowitz, 1994 WL 229812, at *26 (D.N.J. May 24, 1994) (granting motion to strike and noting that " 'what defendants label an affirmative defense is actually only an assertion that RTC cannot prove' its claim. In short, these defenses are an element of the claim.  Thus, while the Court does not wish to strip defendants of their right to assert these claims, raising these claims as affirmative defenses is not the proper avenue for arguing this point.").  Defendant cites to no legal authority suggesting otherwise.  Plaintiff's motion to strike the sixth affirmative defense is t granted.

  C.  Seventh Affirmative Defense

  Defendant's seventh affirmative defense provides that "Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations."  Plaintiff asks the Court to strike this affirmative defense inasmuch as no statute of limitations applies to Title VII lawsuits brought by the

---

  [2] See generally Kolstad v. American Dental Ass'n, 527 U.S. 526, 546 (1999) ("We have concluded that an employer's conduct need not be independently 'egregious' to satisfy § 1981a's requirements for a punitive damages award, although evidence of egregious misconduct may be used to meet the plaintiff's burden of proof.").

7

EEOC.  In support of this position, Plaintiff cites to, <u>inter alia</u>, <u>Dole v. Local 427, Intern. Union of Elec., Radio and Mach. Workers, AFL-CIO</u>, 894 F.2d 607, 613 (3d Cir. 1990) ("[N]o statute of limitations applies in Government suits brought by the EEOC to avoid conflicts that could result while the agency exhausts conciliatory efforts before filing suit.").  Defendant does not dispute this, nor does Defendant necessarily oppose Plaintiff's motion to strike this particular affirmative defense. Instead, Defendant stipulates that "[t]o the extent the EEOC stipulates that it is only seeking recovery related to the non-employment of Kherha by Defendant, Defendant withdraws its seventh defense." (Def. Opp'n Br. at 2). In response, the EEOC clarifies that, although it is seeking injunctive relief that would have an effect on all prospective and actual employees of Defendant, the "present action seeks monetary recovery just for the Charging Party, Mr. Kherha." (Pl. Reply Br. at 2 n. 1).   In light of the foregoing, the seventh affirmative defense is hereby deemed withdrawn.  Defendant's motion to strike this affirmative defense is denied as moot.

## IV.    CONCLUSION

For the foregoing reasons,  Plaintiff's motion to strike Defendant's fifth, sixth and seventh affirmative defenses is granted.  Defendant's fifth and sixth affirmative defenses are hereby stricken. Defendant's seventh affirmative defense is hereby deemed withdrawn. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   March   17  , 2011
cc:      Counsel of Record
         Hon. Joseph A. Dickson, U.S.M.J.