**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**CATHY L. WALDOR**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-776-7862 |

September 13, 2011

**MEMORANDUM OPINION AND ORDER**

Re:  US EEOC & Plaintiff-Intervenor Kherha v. United Galaxy, d/b/a
     Tri-County Lexus v. TK Worldwide, Inc. & Dominick Pupo
     <u>Civil Action No. 10-4987 (ES-CLW)</u>

Plaintiff Equal Employment Opportunity Commission ("EEOC") brings this lawsuit on behalf of Plaintiff-Intervenor Gurpreet Kherha ("Mr. Kherha") alleging religious discrimination by Defendant United Galaxy, Inc. d/b/a Tri-County Lexus ("Defendant") in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. Pending before the Court is EEOC's motion to quash a subpoena Defendant served on Massachusetts School of Law at Andover ("Law School") seeking Mr. Kherha's educational records. Specifically, the Defendant's subpoena requested the following documents regarding Mr. Kherha:

> Any and all documents in your possession, custody, or control having anything to do with Gurpreet Singh Kherha [SSN ___, DOB ___ ] including but not limited to any and all records, dates of enrollment, official and unofficial transcripts, files, memoranda, applications, bursar bills and statements, financial aid information, tuition, fees, work study, student account, loans, employment eligibility verification, proof of immunization/TB questionnaire, scholarships, grants, visa requirements (I-20 or green card), evaluations, disciplinary actions, attendance records, grades, proof of degrees attained, notes, references, correspondence, complaints, lawsuits, grievances, arbitrations, and any other documents of whatever nature contained in Gurpreet Singh Kherha's official file or which in any way relate to Gurpreet Singh Kherha's period(s) of enrollment at Massachusetts School of Law at Andover.

The EEOC argues that: (1) Defendant failed to provide prior notice of the subpoena as required by Fed. R. Civ. P. 45(b)(1) and (2) Defendant's subpoena is overbroad and seeks irrelevant and confidential information. <u>See</u> Doc. 32. Defendant filed a written response in opposition to the motion, arguing that: (1) the EEOC lacks standing to move to quash the subpoena served on a non-party; (2) counsel for Defendant in good faith verbally advised Mr. Kherha's counsel that a subpoena would be served on the Law School for Mr. Kherha's school records and then produced all such records when received; and (3) Mr. Kherha's law school records are relevant and discoverable and

Defendant's subpoena is not overbroad.  See Doc. 33.  Thereafter, the EEOC filed a reply brief in further support of its motion.  See Doc. 34.  The Court has reviewed the submissions.  For the reasons set forth below, the EEOC's request is hereby **DENIED**.

In evaluating a motion to quash a subpoena, courts examine whether the moving party has standing to bring the motion, the relevancy of the production sought, whether any privilege or protection applies to the production, and whether the subpoena unduly burdens the party sought to be deposed.  See, e.g., Schmulovich v. 1161 Rt. 9, LLC, 2007 WL 236598, at *2 (D.N.J. Aug. 15, 2007); Furey v. Wolfe, 2011 WL 597038, at *6 (E.D.Pa. Feb. 18, 2011).  The Court will address the relevant prongs in turn.

### I. Standing to Quash

Before the Court turns to the merits of the parties' arguments regarding quashing the subpoena, the Court must first determine whether the EEOC has standing to move to quash it.  The EEOC and Defendant dispute whether the EEOC has standing to move to quash because Defendant served Massachusetts School of Law at Andover, a non-party, and not the EEOC directly.  Generally speaking, a party to a lawsuit does not have standing to quash a subpoena served on a non-party "unless the party seeking to challenge a subpoena claims a personal right or privilege regarding information sought by the subpoena."  EEOC v. Premier Well Services, LLC, 2011 WL 2198285, at *3-4 (E.D.Ark. June 3, 2011); Reliastar Life Ins. Co. v. Warrior, 2007 WL 2669558, at *4 (D.Kan. Sept. 7, 2007); EEOC v. Danka Industries, Inc., 990 F.Supp. 1138 (E.D.Miss. 1997).  Here, the EEOC fails to assert any claim of personal right or privilege with respect to the subpoenaed documents.  Instead, the EEOC recites the legal standards set forth in the relevant case law without providing sufficient explanation as to how its rights, or the rights of Mr. Kherha, are compromised.  For example, the EEOC contends that certain documents are "confidential" but fails to inform the Court, with any specificity, what privilege may be breached.  Notably, Mr. Kherha, on whose behalf the EEOC has brought the instant motion, has been silent during this exchange.  Lastly, it was well within the Law School's rights to move to quash the subpoena if it deemed the requested documents irrelevant, confidential, or unduly burdensome to produce.  Instead, the Law School produced the documents requested.

Having determined that the EEOC lacks standing to bring the motion to quash, the Court need not address the merits of the parties' arguments.  Notwithstanding the Court's ruling, the EEOC is not precluded from filing a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) should it so choose.  See In re Remec, Inc. Sec. Litig., 2008 WL 2282647, at *1 (S.D.Cal. May 30, 2008) (footnote and citations omitted) ("A party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information."); EEOC v. Bashas', Inc., 2009 WL 5206632, at *8 (D.Ariz. Dec. 24, 2009).[1]  Moreover, whether any of this information will be admissible at trial

---

[1] For instance, the Court is inclined to agree with the EEOC that certain requests are beyond the scope of production - i.e. immunization reports, immigration documents and certain financial information.

remains to be seen.  To the extent said information is designed to harass, chill, embarrass or unduly prejudice Mr. Kherha, it's introduction at trial is doubtful.  However, absent a claim of privilege, personal right, or objection by the entity to which the subpoena was directed, the Court will not retroactively quash the subpoena.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff EEOC's motion to quash the subpoena, filed on July 26, 2011 (Doc. 32), be **DENIED**.

**SO ORDERED.**

*s/Cathy L. Waldor*
**Cathy L. Waldor, U.S.M.J.**